**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4966-18T3

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

ATTORNEY TRUST
ACCOUNT OF THE LAW
OFFICES OF RAMON A.
CAMEJO and
OSRIC J. SPIVEY,

    Defendants-Respondents.

_____

Submitted November 2, 2020 – Decided November 19, 2020

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. DC-004559-18.

Robert J. Triffin, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

Plaintiff Robert J. Triffin, the assignee of a dishonored check in the amount of $1,625.14, appeals the Special Civil Part's final judgment dated October 17, 2019, dismissing his claims against the drawer of that check. Triffin contends the trial court misapplied the New Jersey version of the Uniform Commercial Code ("UCC"), in finding the drawer was not liable to pay him the amount of the check.

We affirm the dismissal for the sound reasons set forth by Judge John G. Hudak in his post-trial oral opinion dated May 9, 2019. As described by the judge, the uncontroverted business records presented at trial by the drawer show the drawer's bank account had already been debited the check amount before the check was presented to Triffin's assignor. Under those circumstances, N.J.S.A. 12A:3-414(c) clearly discharges the drawer from liability. That provision instructs that "[i]f a draft is accepted by a bank, the drawer is discharged, regardless of when or by whom acceptance was obtained." Ibid.

The arguments Triffin raises under other UCC provisions in an effort to negate the discharge mandated by Section 3-414(c) are clearly without merit and do not warrant discussion. R. 2:11-3(e)(1)(E).

We need not comment here on whether Triffin would have had remedies against other parties, including but not limited to the payee named on the check

(who Triffin was unable to serve with process) or the banks that processed the transactions, other than to say they are beyond the scope of this appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION